**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

**FILED**

JUN 2 5 2008

NANCY MAYER WHITTINGTON, **CLERK**
U.S. DISTRICT COURT

CLIFFTON JENKINS, JR. )
1348 D STREET, N.E.
WASHINGTON, D. C. 20002
(202) 309-6162

    Plaintiff,

v.

ANTHONY A. WILLIAMS, FORMER MAYOR

ADRIAN R. FENTY, MAYOR
OFFICE OF THE SECRETARY
JOHN A. WILSON BUILDING
1350 PENNSYLVANIA AVENUE, N.W.
WASHINGTON, D.C. 20004 )
(202) 727-6306
   SERVE: MAYOR ADRIAN R. FENTY
   OR HIS DESIGNEE TABATHA BRAXTON

DISTRICT OF COLUMBIA
OFFICE OF THE ATTORNEY GENERAL )
FOR THE DISTRICT OF COLUMBIA
441 4TH STREET, N.W., 6TH FLOOR SOUTH
WASHINGTON, D.C. 20001
(202) 727-6275
   SERVE: NADINE WILBURN )

CHARLES H. RAMSEY, FORMER POLICE CHIEF
   SERVE:
CATHY LANIER, CHIEF OF POLICE
METROPOLITAN POLICE DEPARTMENT )
MUNICIPAL BUILDING-POLICE HEADQUARTERS
300 INDIANA AVENUE, N.W.
WASHINGTON, D.C. 20001
(202) 727-4218

GREGORY SYKES, POLICE OFFICER )
FIRST DISTRICT POLICE HEADQUARTERS
415 4TH STREET, S.W.
WASHINGTON, D.C. 20024
(202) 727-4655

    Defendants. )

Case: 1:08-cv-01098
Assigned To : Sullivan, Emmet
Assign. Date : 6/25/2008
Description: Civil Rights-Non. Employ.

**JURY ACTION**

**RECEIVED**

JUN 2 0 2008

**Clerk, U.S. District and
Bankruptcy Courts**

## COMPLAINT FOR MONETARY DAMAGES AND JURY DEMAND

## INTRODUCTION

1. This is an action brought by Cliffton Jenkins, Jr., Pro Se, on his own behalf who at all times mentioned in this Complaint was a victim of an assault and battery at the hands of Metropolitan police causing him injury by the Government of the District of Columbia's pattern and practice of allowing its Metropolitan Police Department ("M.P.D.") law enforcement officers to misuse excessive force, and by the District's deliberate indifference to the effect of the practice of brutality on the rights & privileges of citizens and civilians alike (or Americans with disabilities).

2. This is also an action brought by Plaintiff on his own behalf who was injured (or possibly subject to injury) by the District's conduct in subjecting him to police brutality in the form of assault and battery, and by the District's deliberate indifference to the effect of the pattern and practice of police brutality in the use of force on the privileges and rights of civilian citizens.

3. The Plaintiff brings this action against the Government of the District of Columbia under Section 1983 of the Civil Rights Act of 1871, 42 U.S.C., 1983, to enforce the First, Fourth, Fifth and Eighth Amendments, for injuries suffered by him, because of the District subjecting him to harassment, retaliation and depriving him of property without first given Plaintiff's protection guarantees under the due process clause.

4. The Plaintiff brings this action against the District's Metropolitan Police Department under the laws of the District of Columbia and common law, for injuries suffered by him, because of the District Government's negligence and failure to foster peaceful conflict resolution programs for training its employees and law enforcement officers.

2

## JURISDICTION AND VENUE

5. This Court has jurisdiction over Plaintiff's claims and the Plaintiff's Section 1983 claims pursuant to 28 U.S.C. Section 1331 and 28 U.S.C. Section 1343(a)(3).

6. Jurisdiction of this Court over claims presented herein is predicated on the First, Fourth, Fifth and Eighth Amendments to the U.S. Constitution enforceable under the Civil Rights Act, Title 42 U.S.C., 1983.

7. Venue is proper in this Court because all of the events, acts or omissions giving rise to Plaintiff's cause of action and claims for relief occurred in the District of Columbia. Venue is appropriate in this district. Each of the claims for relief arose in this judicial district.

## PARTIES

8. Plaintiff Cliffton Jenkins, Jr. is a U.S. citizen and at all times relevant to this Complaint was a D.C. resident in the custody and care of the District of Columbia's Metropolitan Police Department ("M.P.D.").

9. Defendant the District Government of the District of Columbia (hereinafter "the District of Columbia" or "the District") is a municipal corporation capable of being sued under D.C. Code Section 1-102. However, Plaintiff seeks monetary damages from the District of Columbia.

10. Defendant Anthony A. Williams at all times relevant to this Complaint was formerlly Mayor of the District of Columbia. He is only named as a Defendant herein in his official capacity.

11. Defendant Adrian R. Fenty at all times relevant to this Complaint was or is presently Mayor of the District of Columbia. He is named and sued as a Defendant herein in his official capacity.

12. Defendant Charles H. Ramsey at all times relevant to this Complaint was formerlly Chief of the Metropolitan Police Department ("M.P.D.").

13. Defendant Cathy Lanier at all times relevant to this Complaint was or is presently Chief of the Metropolitan Police Department ("M.P.D."). She is named and sued as a Defendant herein in her indivual and official capacity.

14. Defendant Gregory Sykes at all times relevant to this Complaint. was or is a duly sworn Metropolitan Police Officer. He is named and sued as a Defendant herein in his individual and official capacity.

## FACTS

15. On Wednesday June 22, 2005 while meeting with a former then-Community Supervision Officer, police were called to the Municipal Center building, 300 Indiana Avenue, N.W., Room 2148.

16. After the two police arrived one of the ("1 D") policemen started a tussle with Plaintiff's ex-Girlfriend as they were trying to finish zipping up his backpack and secure his property. After handscuffed behind his back and placed under arrest, without provocation Plaintiff was a victim of an assault and battery at the hands of Metropolitan police officer named Gregory Sykes.

17. When arguing and tussling was going on with Defendant Sykes He told her, that he'd "lock her up too." Mr. John McClain (CSO) and former then-secretary as of yet unnamed both watched and did nothing.

18. Plaintiff had been handcuffed too tight with both hands behind his back after apprehended, then he was escorted out of the Community Supervision Officer's ("CSO") office into the hallway.

19. While on the elevator Plaintiff mentioned to Defendant Sykes that the handcuffs were put on too tight when suddenly Defendant Sykes struck Plaintiff hard in the left side of his face in his eye breaking the left earpiece to his eyeglasses. The elevators have cameras.

20. Mr. Sykes then shoved Plaintiff hitting his head and back up against the elevator wall and said, "Shut the f ...," and punched him hard in the face again, knocking his already damaged glasses off onto the elevator floor.

21. Up until the brutal physical assault Plaintiff did not before handcuffed resist arrest or provoke either officer in any fashion.

22. In Central cellblock I asked for my broken eyeglasses back, but the CCB officer did not give me a receipt for my glasses and said "Officer Sykes got your eyeglasses;" "They were sent to 1st District."

23. I repeatedly requested to go to the hospital emergency room. I was held overnight at CCB double-celled with another guy on a bare hard steel top bunk hurting my back.

24. As a result, I suffered a bruised face, jaw, eye, swelling, head aches, back aches, wrist pain and substantial emotional pain and suffering.

25. After the above described assault I was not taken to the hospital despite my requests. I couldn't read without my glasses and suffer astigmatism and a bad back.

26. The next day, June 23, 2005, the Plaintiff was transported to the overcrowded (DCDC's) Central Detention Facility. See C.A. #02-956 (RCL) & C.A. #05-5030 (MRW).

27. The above described events occurred around 11:30 a.m.-noon after I had arrived with my Girlfriend to the community supervision (CSO's) office. The former ("CSO") officer and the secretary then later the other police watched & did nothing.

28. When at the overcrowded D.C. Jail in the infirmary on Thursday night June 23, 2005 I told the Doctor I had been physically assaulted while handcuffed and my glasses were broken by the police and not returned to me.

29. After the Doctor saw and examined me in the infirmary I received twelve 325 mg. acetaminophen "tylenols."

30. Over a month later after putting in sick call requests because the Eye Doctor still hadn't seen me, I put in an "EMERGENCY GRIEVANCE" on August 1, 2005. See IGP #1359-05 & MEMORANDUM in response from the Acting Warden, September 26, 2005. I didn't receive my new glasses for several mos.

31. By a letter later sent to the Mayor pursuant to D.C. Code § 12-309 on November 22, 2005 I notified the District of Columbia of the occurrences that took place on June 22, 2005 which is the subject of this matter.

## FIRST CAUSE OF ACTION

32. Plaintiff realleges and incorporates by reference, as if fully restated herein, the facts and allegations set forth in paragraphs 1 through 31 above.

33. The action of Defendant Sykes in using physical force against the Plaintiff without need or provocation constituted the tort of assault and battery under the laws of the District of Columbia.

## SECOND CAUSE OF ACTION

34. Plaintiff realleges and incorporates by reference, as if fully restated herein, the facts and allegations set forth in paragraphs 1 through 33 above.

35. The action of Defendant Sykes in using physical force against the Plaintiff without need or provocation was done maliciously and intentionally and constituted cruel and unusual punishment in violation of the 8th Amendment of the United States Constitution enforceable under the Civil Rights Act, 42 USC §1983.

## THIRD CAUSE OF ACTION

36. Plaintiff realleges and incorporates by reference, as if fully restated herein, the facts and allegations set forth in paragraphs 1 through 35 above.

37. The failure of Defendant D.C. Mayor A. Fenty and Commander Lanier, Police Chief of the District of Columbia to take disciplinary or other action to curb the known pattern of physical abuse of arrestees by Defendant Sykes constituted deliberate indifference, and contributed to and proximately caused the above described violation of Eighth Amendment rights and assault and battery.

## FOURTH CAUSE OF ACTION

38. Plaintiff realleges and incorporates by reference, as if fully restated herein, the facts and allegations set forth in paragraphs 1 through 37 above.

39.  The acts or omissions of the Defendants A. Fenty and Lanier, high ranking officials both employed by the District of Columbia, by or through their failure to adequately and properly train and supervise their employees constitutes deliberate Indifference.

## FIFTH CAUSE OF ACTION

40.  Plaintiff realleges and incorporates by reference, as if fully restated herein, the facts and allegations set forth in paragraphs 1 through 39 above.

41.  Defendant Sykes action in failing to effect immediate emergency medical care for the Plaintiff violated the Plaintiff's rights under the Eighth Amendment to the United States Constitution.

## RELIEF

WHEREFORE, Plaintiff requests that the Court grant the following relief:

A.  Award compensatory damages in the following amounts:

   1.  $100,000 against Defendant Sykes for the physical and emotional injuries sustained as a result of the Plaintiff's attack.

   2.  $100,000 against Defendant Sykes for the physical and emotional injury resulting from their failure to effect immediate emergency medical care for the Plaintiff.

B.  Award punitve damages in the following amounts:

   1.  $50,000 against Defendant Sykes for the physical and emotional injuries sustained as a result of the Plaintiff's attack.

   2.  $50,000 against Defendant Sykes for the physical and emotional injury resulting from their failure to effect immediate emergency medical care for the Plaintiff.

C.  Grant attorney fees as it may appear that Plaintiff is entitled.

D.  Grant such other relief as it may appear that Plaintiff is entitled.

## JURY DEMAND

Plaintiff demands a trial by jury of all issues triable by jury as a matter of right.



District of Columbia : SS
The foregoing instrument was acknowledged before me this 20T day of June, 2008
by
Notary Public, D.C.
My commission expires  8-31-09

NOTARY

DATE:   June 22, 2008

Respectfully submitted,

Cliffton Jenkins, Jr.
1348 D Street, N.E.
Washington, D.C.   20002
(202) 309-6162

8

# CIVIL COVER SHEET

08-1098
EGS

JS-44
(Rev.1/05 DC)

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Clifton Jenkins | District of Columbia, et al., |
| (b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF 11001 (EXCEPT IN U.S. PLAINTIFF CASES) | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____ (IN U.S. PLAINTIFF CASES ONLY) NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED |
| PRO SE (N/P) | |
| (c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER) | Case: 1:08-cv-01098<br>Assigned To : Sullivan, Emmet G.<br>Assign. Date : 6/25/2008<br>Description: Civil Rights-Non. Employ. |

JURY ACTION

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

| ☐ A. Antitrust | ☐ B. Personal Injury/Malpractice | ☐ C. Administrative Agency Review | ☐ D. Temporary Restraining Order/Preliminary Injunction |
|---|---|---|---|
| ☐ 410 Antitrust | ☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury<br>☐ 362 Medical Malpractice<br>☐ 365 Product Liability<br>☐ 368 Asbestos Product Liability | ☐ 151 Medicare Act<br><br>Social Security:<br>☐ 861 HIA ((1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g)<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g)<br><br>Other Statutes<br>☐ 891 Agricultural Acts<br>☐ 892 Economic Stabilization Act<br>☐ 893 Environmental Matters<br>☐ 894 Energy Allocation Act<br>☐ 890 Other Statutory Actions (If Administrative Agency is Involved) | Any nature of suit from any category may be selected for this category of case assignment.<br><br>*(If Antitrust, then A governs)* |

## ☐ E. General Civil (Other) OR ☐ F. Pro Se General Civil

| Real Property | Immigration | ☐ 871 IRS-Third Party 26 USC 7609 | ☐ 460 Deportation |
|---|---|---|---|
| ☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent, Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | ☐ 462 Naturalization Application<br>☐ 463 Habeas Corpus- Alien Detainee<br>☐ 465 Other Immigration Actions<br><br>Prisoner Petitions<br>☐ 535 Death Penalty<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition | Forfeiture/Penalty<br>☐ 610 Agriculture<br>☐ 620 Other Food &Drug<br>☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 630 Liquor Laws<br>☐ 640 RR & Truck<br>☐ 650 Airline Regs<br>☐ 660 Occupational Safety/Health<br>☐ 690 Other | ☐ 470 Racketeer Influenced & Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Satellite TV<br>☐ 810 Selective Service<br>☐ 850 Securities/Commodities/Exchange<br>☐ 875 Customer Challenge 12 USC 3410<br>☐ 900 Appeal of fee determination under equal access to Justice<br>☐ 950 Constitutionality of State Statutes<br>☐ 890 Other Statutory Actions (if not Administrative Agency Review or Privacy Act) |
| Personal Property<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | Property Rights<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark | | |
| Bankruptcy<br>☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157 | Federal Tax Suits<br>☐ 870 Taxes (US plaintiff or defendant) | Other Statutes<br>☐ 400 State Reapportionment<br>☐ 430 Banks & Banking<br>☐ 450 Commerce/ICC Rates/etc. | |

| ☐ G. *Habeas Corpus/ 2255* <br><br>☐ 530 Habeas Corpus-General <br>☐ 510 Motion/Vacate Sentence | ☐ H. *Employment Discrimination* <br><br>☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation) <br><br>*(If pro se, select this deck)* | ☐ I. *FOIA/PRIVACY ACT* <br><br>☐ 895 Freedom of Information Act <br>☐ 890 Other Statutory Actions (if Privacy Act) <br><br><br>*(If pro se, select this deck)* | ☐ J. *Student Loan* <br><br>☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
|---|---|---|---|
| ☐ K. *Labor/ERISA (non-employment)* <br><br>☐ 710 Fair Labor Standards Act <br>☐ 720 Labor/Mgmt. Relations <br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act <br>☐ 740 Labor Railway Act <br>☐ 790 Other Labor Litigation <br>☐ 791 Empl. Ret. Inc. Security Act | ☒ L. *Other Civil Rights (non-employment)* <br><br>☐ 441 Voting (if not Voting Rights Act) <br>☐ 443 Housing/Accommodations <br>☐ 444 Welfare <br>☒ 440 Other Civil Rights <br>☐ 445 American w/Disabilities-Employment <br>☐ 446 Americans w/Disabilities-Other | ☐ M. *Contract* <br><br>☐ 110 Insurance <br>☐ 120 Marine <br>☐ 130 Miller Act <br>☐ 140 Negotiable Instrument <br>☐ 150 Recovery of Overpayment & Enforcement of Judgment <br>☐ 153 Recovery of Overpayment of Veteran's Benefits <br>☐ 160 Stockholder's Suits <br>☐ 190 Other Contracts <br>☐ 195 Contract Product Liability <br>☐ 196 Franchise | ☐ N. *Three-Judge Court* <br><br>☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

☒ 1 Original Proceeding    ☐ 2 Removed from State Court    ☐ 3 Remanded from Appellate Court    ☐ 4 Reinstated or Reopened    ☐ 5 Transferred from another district (specify)    ☐ Multi district Litigation    ☐ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

42 USC 1983

**VII. REQUESTED IN COMPLAINT**    CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 ☐    DEMAND $ _____    Check YES only if demanded in complaint    JURY DEMAND: ☒ YES    ☐ NO

**VIII. RELATED CASE(S) IF ANY**    (See instruction)    ☐ YES ☒ NO    If yes, please complete related case form.

DATE 6/25/08    SIGNATURE OF ATTORNEY OF RECORD

---

INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet

I.  COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence. Use 11001 to indicate plaintiff is resident of Washington, D C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

\forms\js-44.wpd